UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CORDERO AQUILES JIMINEZ &                    CIVIL ACTION
CARMEN NELLYS MARIA DE
LA CRUZ GOMEZ JIMINEZ

VERSUS                                       NO. 06-7506

LEXINGTON INSURANCE COMPANY                  SECTION "C" (4)


ORDER AND REASONS

This matter comes before the Court on the issue whether the jurisdictional

amount existed at the time of removal.  Having considered the record, the memoranda

of counsel and the law, the Court has determined that remand is appropriate for the

following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction.

Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the

removing party are insufficient to invest a federal court of jurisdiction.  Asociacion

Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v.

Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994).  Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must

prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.

This showing may be made by either: (1) demonstrating that it is facially apparent that

the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.  It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted,

and, if appropriately challenged, or if inquiry be made by the court of its own motion,

to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S.

283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied,

459 U.S. 1107 (1983).

        This matter was removed on the basis of diversity.  The plaintiffs are suing for

amounts allegedly owed under a homeowner's policy issued to the plaintiffs regarding

their property in Gretna, Louisiana for hurricane-related damages.  In their petition, the

plaintiffs allege with regard to its claims for bad faith damages under Louisiana law that the defendant "under-adjusted plaintiffs' claim by more than two hundred thousand dollars ($200,000)." (Petition, ¶ 14). Therefore, the defendant has met its burden showing that it is facially apparent from the petition that the amount in controversy existed at the time of removal. It does not, however, present any affirmative proof quantifying the amount at issue at the relevant time.

The plaintiffs allege in their response that they they had "very little information" as to the amount of the claim at the time of filing suit and have received information since that their outstanding claim is below the jurisdictional minimum. The plaintiffs offer no proof in support of this statement, but do offer an "Irrevocable Stipulation of Damages" "acknowledging that the maximum damages sought ..." is the jurisdictional minimum. (Rec. Doc. 10).[1] The Court recognizes that this statement may not be "binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.)(J. Vance). The statement is, however, evidence of the jurisdictional amount for present purposes, and the defendant presents no other proof that the jurisdictional minimum existed at the relevant time.

This case presents a close issue. However, the Court is mindful that removal

---

[1]    Under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000 exclusive of interest and costs in order to provide federal diversity jurisdiction.

jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100

(1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293

(5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §

3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright,

A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the 24th

Judicial District Court for the Parish of Jefferson, State of Louisiana for lack of

jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 9th day of March, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE